**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHAEL KOWALYSHYN,            :
    Petitioner,                  :

                                 :

    v.                            :         No. 3:15cv864(JAM)

                                 :

COMM'R OF CORRECTION, *et al.*,    :
    Respondents.               :

**ORDER DENYING WITHOUT PREJUDICE**
**PETITION FOR WRIT OF HABEAS CORPUS AND**
**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to

challenge one or more of his convictions in Connecticut state court and for which he is now in

custody of the Connecticut Department of Correction. He has also moved for the appointment of

counsel. I will deny without prejudice both the petition for writ of habeas corpus and the motion

to appoint counsel and allow petitioner to re-file his petition and motion within 30 days by

January 29, 2016.

A review of the petition reflects that petitioner does not affirmatively assert specific

claims for relief. Instead, petitioner says that "I am sure there are many grounds that I can list,

but seeing that I am not a lawyer, I will have to just tell you what happened and let you, or a

lawyer you get to take this case, state all of the grounds" for relief. Doc. #1 at 9. Petitioner

misunderstands a federal court's role when evaluating a petition for habeas corpus from a state

court conviction—that the court's role is not to conduct its own independent inquest of the

factual record to decide if the facts might give rise to some claim of legal error to warrant a grant

of relief. Instead, a federal court relies on the parties before it to identify and press specific

claims for relief—to explain what facts occurred that were wrongful and why those facts amount

to a legal wrong in violation of the United States Constitution. *See, e.g.,* Rule 2 of the Rules

Governing Section 2254 Cases in the United States District Courts (stating in part that a petition

must "specify all the grounds for relief available to the petitioner" and "state the facts supporting

each ground").

     Moreover, as to any claim that a petitioner decides to raise, it is well established that a

federal court may not ordinarily consider such a claim for relief under 28 U.S.C. § 2254 unless a

petitioner can show that he fully presented and exhausted this claim for relief through every

available level of review in the state court system. *See, e.g., Cullen v. Pinholster*, 563 U.S. 170,

181 (2011); *see also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must

present "the essential factual and legal premises of his federal constitutional claim to the highest

state court capable of reviewing it"). Nor may a federal court ordinarily consider a state

prisoner's petition for writ of habeas corpus unless the petition has been filed within one year of

the date on which the petitioner's state court conviction became final, subject to tolling for the

period of time that state habeas proceedings were pending. *See* 28 U.S.C. § 2244(d).

     In addition, for any timely claim that has been fully exhausted, a petitioner must show

more than that the state court might possibly have erred but that the state court's decision

actually "'(1) resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding.'" *Cullen*, 563 U.S. at 181 (quoting 28

U.S.C. § 2254(d)).

Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice and permit petitioner to file an amended petition for writ of habeas corpus within 30 days that includes and identifies specific legal claims that he wishes the Court to consider and that otherwise makes clear the basis for the Court to consider such claims. The Court will also deny petitioner's motion for appointment of counsel for failure of petitioner at this time to identity specific claims of likely substance. *See Hodge v. Police Officers,* 802 F.2d 58, 60-61 (2d Cir. 1986) (discussing criteria governing court's discretionary authority to appoint counsel).

The petition for writ of habeas corpus (Doc. #1) is DENIED without prejudice for failure to identify specific grounds for relief. The motion to appoint counsel (Doc. #3) is DENIED for failure to identify substantial claims that would warrant appointment of counsel. Any amended petition for writ of habeas corpus and motion to appoint counsel must be filed within thirty days on or before **January 29, 2016**.  If petitioner chooses not to file an amended petition within the time specified, the Clerk is directed to enter judgment for respondents and close this case.  **The Clerk shall send petitioner a copy of this ruling and an amended section 2254 petition for writ of habeas corpus form, a copy of the petition for writ of habeas corpus (Doc. #1), and the attachments to his original petition (Docs. # 1-1 through 1-12).**

SO ORDERED at New Haven, Connecticut this 30th day of December, 2015.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge

3